# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BARBARA ANN JACKSON,**

      **Plaintiff,**

**vs.**                              **Case No. 4:17cv534-MW/CAS**

**BANK OF NEW YORK MELLON,**
**f.k.a. BANK OF NEW YORK,**

      **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

On November 28, 2017, the pro se Plaintiff submitted another civil complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2.  This is the third case Plaintiff has initiated in four months against this same Defendant.[1]  Nevertheless, good cause having been shown in the motion, Plaintiff is granted in forma pauperis status. The Clerk of Court shall file Plaintiff's complaint without requiring payment of the filing fee.

---

[1] On September 1, 2017, Plaintiff filed case number 4:17cv395-MW/CAS.  It was dismissed on October 3, 2017, for failure to state a claim and because it was barred by the doctrine of res judicata.  ECF Nos. 6-7 of that case.

Judicial notice is taken that this case is Plaintiff's sixth lawsuit which seeks to challenge the foreclosure of her property in January 2010. Most recently, Plaintiff filed her fourth case (case number 4:17cv352-MW/CAS) on August 7, 2017. That case was dismissed on August 22, 2017, because it failed to state a claim and was barred by the doctrine of collateral estoppel. ECF No. 6 of that case.

Plaintiff's fifth case (case number 4:17cv395-MW/CAS) was dismissed just last month. The basis for this case is the same as she has brought previously, and her factual allegations are no greater. Plaintiff lacks any clear statement of fact showing statutory violations. Thus, this case, like her prior two cases, fails to state a claim.

There is no need to detail Plaintiff's prior cases as that was sufficiently outlined in the Report and Recommendation, ECF No. 4, entered in case number 4:17cv352. The basic facts were also stated in the Report and Recommendation, ECF No. 4, entered in Plaintiff's most recently dismissed case, case number 4:17cv395. Plaintiff previously filed case number 4:15cv491-RH/CAS against, among others, Bank of America, and alleged discrimination and a violation of the Fair Housing Act. The case was dismissed for failure to state a claim because Plaintiff "alleged no

facts plausibly suggesting she [had] suffered discrimination of any kind."
ECF No. 11 at 2 of that case.

Plaintiff then filed case number 4:16cv212-RH/EMT. Again, Plaintiff
brought the same claims premised on the same basic facts against the
same Defendant, Bank of America. The case was dismissed as barred by
the doctrine of res judicata. ECF Nos. 13, 15 of case # 4:16cv212.

Plaintiff's third case (case number 4:16cv773-RH/CAS) was also
against Bank of America. It, too, was dismissed as barred by res judicata.

As noted above, Plaintiff's fourth case was dismissed because it
failed to state a claim and was barred by the doctrine of collateral estoppel.
ECF Nos. 6-7 of case # 4:17cv352-MW/CAS. Although res judicata was
the basis for dismissal of Plaintiff's second and third cases, it was not
appropriate in dismissing the fourth case because Plaintiff named the Bank
of New York Mellon as a Defendant whereas her prior cases named the
Bank of America as the Defendant. This case, however, is again brought
against the same party as was named in Plaintiff's fourth and fifth cases.
It's based on the same events and asserts the same claims, cursory as
they may be. Thus, this case is barred by the doctrine of res judicata.

As stated in the Report and Recommendation entered in case
number 4:17cv395, "Plaintiff cannot continue filing cases based on the

events from 2010." ECF No. 4 at 4. Plaintiff has "had multiple bites at the apple, and indeed, the apple is bitten down to the core." <u>Spinelli v. Capital One Bank</u>, No. 8:08-CV-132-T-33EAJ, 2010 WL 11475480, at *2 (M.D. Fla. Mar. 15, 2010). Plaintiff is cautioned to cease, or face sanctions. Six dismissals are more than sufficient notice to Plaintiff that her claims are frivolous.

This case should be dismissed, and this recommendation is made sua sponte. Doing so "is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." <u>United States v. Sioux Nation</u>, 448 U.S. 371, 432, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting) (citations omitted) (quoted in <u>Arizona v. California</u>, 530 U.S. 392, 412, 120 S. Ct. 2304, 2318, 147 L. Ed. 2d 374, supplemented, 531 U.S. 1, 121 S. Ct. 292, 148 L. Ed. 2d 1 (2000)). Nevertheless, this Report and Recommendation gives notice to Plaintiff and an opportunity to be heard prior to dismissal. Plaintiff's objections, if any, must be timely filed.

Accordingly, it is **ORDERED:**

1. Plaintiff's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it fails to state a claim and this case is barred by the doctrine of res judicata.

**IN CHAMBERS** at Tallahassee, Florida, on November 30, 2017.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**